# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                          **CASE NO: 6:11-cr-102-Orl-28KRS**

**GARY V. LEONE**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

**(And Direction to the Clerk of Court)**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION** | **UNITED STATES OF AMERICA'S MOTION FOR ENTRY OF FINAL ORDER IN GARNISHMENT (Doc. No. 61)** |
| **FILED:** | **October 14, 2014** |

Defendant Gary V. Leone was adjudicated guilty following entry of a guilty plea. Doc. No. 25. A Judgment in a Criminal Case was entered on December 20, 2011. Among other things, the Court required Leone to pay a $100.00 special assessment and $663,408.34 in restitution. Doc. No. 39.

At the request of the United States, the Court directed the Clerk of Court to issue a writ of garnishment under 28 U.S.C. § 3205 directed to Fidelity Management Trust Company ("Fidelity"). Doc. Nos. 45, 46, 54. On August 11, 2014, Fidelity filed an answer to the writ stating that it holds $41,890.83 in an IRA account ending in 6490 registered to Defendant Leone. Doc. No. 57. It served the answer on Defendant Leone and on the United States. *Id.* at 3.

On September 23, 2014, Defendant Leone was served with the Writ, the Clerk's Notice of Post-Judgment Garnishment, and instructions advising Leone of available exemptions and the right to request a hearing within 20 days.   Doc. No. 59.

Section 3205(c)(7) provides as follows:

> After the garnishee files an answer and if no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property.

More than 20 days have passed since the answer was filed and, as of the writing of this Report and Recommendation, Defendant Leone has not objected to the answer or requested a hearing.   *See* 28 U.S.C. § 3205(c)(5).

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the motion and enter a Final Order in Garnishment directing Fidelity Management Trust Company to liquidate the Defendant's nonexempt interest in the IRA ending in 6490, which, in the absence of objection, is the full, current balance in the IRA, in an amount not to exceed the total of the judgment debt and further order that the writ of garnishment directed to Fidelity Management Trust Company in this matter shall terminate upon payment to the United States of these funds pursuant to 28 U.S.C. § 3205(c)(10).   The United States is directed to provide the proposed Final Order of Garnishment to the presiding District Judge.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Defendant Gary Leone at the address contained in Doc. No. 57 at 3.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

      Recommended in Orlando, Florida on October 20, 2014.

                                          *Karla R. Spaulding*
                                            KARLA R. SPAULDING
                                  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy